# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LO'RE PINK,[1]                )
                              )
    **Plaintiff,**          )
v.                            )          **Case No. CIV-24-969-J**
                              )
STEVEN HARPE, et al.,         )
                              )
    **Defendants.**         )

## REPORT AND RECOMMENDATION

Lo'Re Pink, an inmate at the Oklahoma State Penitentiary – McAlester appearing pro se,[2] seeks civil rights relief under brings this action under 42 U.S.C. § 1983 for incidents occurring at the prison. Doc. 1.[3] Plaintiff names as Defendants various Oklahoma Department of Corrections employees. *Id.* at 3, 9-10.

United States District Judge Bernard M. Jones referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28

---

[1]    Oklahoma Department of Corrections prisoner #131758.

[2]    The undersigned takes judicial notice of Plaintiff's Oklahoma Department of Corrections Records. *See Inmate Locator*, OKLA. DEP'T CORR., https://okoffender.doc.ok.gov/ (last visited Sept. 25, 2024); *see also United States v. Muskett*, 970 F.3d 1233, 1237 n.4 (10th Cir. 2020) (taking judicial notice of inmate's status according to the Bureau of Prisons' inmate locator).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalizations, quotations are verbatim unless indicated.

U.S.C. § 636(b)(1)(B), (C). Doc. 7. The undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I. Plaintiff's claims.

Plaintiff claims she was called to the deputy warden's office to make a statement about her cellmate's sexual conduct toward her and a "female guard." Doc. 1, at 11. She told officials that she "feared retaliation if [she] participated in an investigation that turned into a 'Prison Rape Elimination Act,'"[4] investigation but was "bull[]ied" into making a statement. *Id.* She was later transferred from the medium-security facility to a supermax unit, where she was provided no "hygiene, property, clothing, bedding, or chronic medication," "without any hearing or notice" of the reason for transfer. *Id.* Several weeks later, she was taken to a "'supermax segregation hearing' and placed on 'long-term (indefinite) special manag[e]ment classification status'" based on a Prison Rape Elimination Act investigation but without being "told what the particular investigation was about. *Id.* at 12.

She appealed to the Inspector General of the Oklahoma Department of Corrections and was notified the next day that she would be transferred back

---

[4]     The federal Prison Rape Elimination Act may be found at 34 U.S.C. § 30301-09. Oklahoma's Prison Rape Elimination Act policy may be found at OP-030601.

to the medium-security facility. *Id.* at 12-13. While she was "reclassified off of said status on paper," she was "left on the same[] supermax unit, in the same cell, with all the restrictions that [were] in place with the initial placement." *Id.* at 13. Despite being "reclassified off of supermax indefinite unit in August 2022," Plaintiff "is still on the supermax unit and facility eight hundred and twenty (820) days later." *Id.* at 17.

Plaintiff separately alleges the warden "arbitrarily and retaliator[ily] and [in an] intimidating state of mind refused her medical care and treatment prescribed by the facility doctor and medical administrator" linked to her need to be "handcuffed forward," rather than behind her back. *Id.* at 36. She alleges inappropriate sexual touching—sexual assault—by guards. *Id.* at 36-37.

Plaintiff claims Defendants' actions were arbitrary and that they inflicted "negligence, retaliation, [and] emotional distress" in violation of state law, and she claims Defendants violated her federal due process rights, as well as the First and Eighth Amendments to the Constitution. *Id.* at 18-19, 26-30. For relief, she seeks money damages. *Id.* at 30-35.

## II.   Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss any

frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the Court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)). "[T]he court acting on its own motion[] may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010); *see also Trujillo*, 465 F.3d at 1222 ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

## III. Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2); *see*

*also Anaeme v. Florida*, 169 F. App'x 524, 527-28 (10th Cir. 2006) (applying the general venue statute, 28 U.S.C. § 1391(b), to the plaintiff's claims of constitutional violations made under 42 U.S.C. § 1983).

### A.    Venue lies in this Court and in Eastern District of Oklahoma.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. The alleged events underlying Plaintiff's claims occurred at the Oklahoma State Penitentiary – McAlester in Pittsburg County, which lies within the territorial boundaries of the Eastern District of Oklahoma. *Id.* § 116(b). Some of the named Defendants work at the McAlister penitentiary and presumably reside in Pittsburg County in the Eastern District; others work at the Oklahoma Department of Corrections Headquarters and presumably reside in Oklahoma County, which lies within the Western District of Oklahoma. *Id.* § 116(c). So venue lies in this Court and in the Eastern District of Oklahoma. *See* 28 U.S.C. § 1391(b)(1).

### B.    Venue is proper in the Eastern District of Oklahoma, and a transfer to that District is in the interest of justice.

Plaintiff urges the Court to "stop the Defendants from trying to transfer this case to the Eastern District," as most of the named Defendants are

Oklahoma Department of Corrections employees presumably residing in Oklahoma County in the Western District. Doc. 3.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see Anderson v. Wilkinson*, No. CIV-15-1224-W, 2016 WL 324979, at *2 n.4 (W.D. Okla. Jan. 27, 2016) ("[T]itle 28, section 1404(a) of the United States Code permits the Court to transfer an action if the parties and witnesses would not be inconvenienced and if a transfer would better serve the interest of justice.").

Plaintiff does not thoroughly explain her theory of liability for each Defendant employed at the Oklahoma Department of Corrections Headquarters, but the Headquarters Defendants' alleged liability appears to be based on their enforcement of the Prison Rape Elimination Act and their oversight of the McAlister penitentiary Defendants. *See* Doc. 1, at 30-35. Meanwhile, the Defendants employed at the McAlester penitentiary presumably reside in the Eastern District, where Plaintiff is presently incarcerated, and Plaintiff's claims arise from incidents occurring in that District. Given this, "the Court finds a transfer not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice." *Anderson*, 2016 WL 324979, at *2 n.4; *see also Bruton v. Allbaugh*, No.

CIV-17-136-D, 2017 WL 1744136, at *3 (W.D. Okla. Apr. 5, 2017) (recommending transfer of an action to the district that had "significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events"), *adopted*, 2017 WL 1745613 (W.D. Okla. May 3, 2017).

## IV.  Recommendation and notice of right to object.

The undersigned recommends the Court transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of her right to file an objection to this Report and Recommendation with the Clerk of Court by October 22, 2024, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of September, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE